IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                         :        CHAPTER 11 V
Industrial Food Truck, LLC
           DEBTOR                  :        BKY. NO.  20-13275AMC11V

SMALL BUSINESS SUBCHAPTER V STATUS CONFERENCE REPORT

Business Summary

Debtor, Industrial Food Truck, LLC is a privately held company which operates a $50,000 square foot facility at 5200 Grays Avenue, Philadelphia, PA. The managing director is Gary Koppelman who is a 49% owner of the LLC. The business includes custom fabrication of food trucks, and carts, a full-service commissary and clients storing or parking of trucks and carts at the facility. The website for the business is www.industrialfoodtruck.com. The business has over 10-years' experience in the industry. Gary Koppelman, the managing director and Mario Spina who is 10% owner are the only ones compensated owners. Mr. Koppelman's compensation is for time and services in the day to day operations and Mr. Spina's compensation is for fabrication services. All other labor includes use of 1099 subcontractors. A Disclosure of Compensation of Officers was filed on August 7, 2020.

Cause of Filing

Business rapidly started to decline in January 2020 when the Corona scare started, and catering jobs were being cancelled. The business was successful and operating smoothly before that time. Things got worse when forced to shut down operations in March 2020 by the Commonwealth of Pennsylvania. The food truck business is a growing industry which will resume its growth once the

1

Covid-19 outbreak is controlled or contained. For the past five (5) months, debtor was unable to work on existing projects to custom build trucks. Debtor was therefore not getting paid on projects. Customers have filed lawsuits for unfinished projects, and some have demanded return of their trucks. Most projects are near completion. Some customers cannot pay because their food truck businesses were also forced to close. The many companies that park or store their food trucks are behind on rent as they are not able to operate with food trucks not operating the commissary was not generating.

Leading up to the bankruptcy, Gary Koppelman was forced to use personal funds to pay employees to keep the business afloat. Debtor is several months behind on rent at the facility and several suppliers of kitchen equipment and other custom truck building and commissary needs. There are no cash collateral issues. The IRS has filed a Proof of Claim which contains estimated liability and a priority portion of $6,600. Debtor's accountant is addressing those issues. In fact, the IRS has amended its claim removing items. All needed returns are filed and we are expecting a second amended claim that will leave little or no liability. The United States Trustee and Subchapter V Trustee were supplied with the 2017, 2018 and 2019 returns for the business. The City of Philadelphia filed a Priority claim for $2,776.61. The accountant is also addressing this recently filed claim. All creditors are unsecured creditors that will fall within a few categories or classes. There is no scheduled Bar Date currently. Counsel has inquired with the Court whether the court will set one or if a Motion will be required.

Cibik & Cataldo, PC was retained as legal counsel for the debtor in the Subchapter V case. An order appointing them as counsel was entered on August 21, 2020. Jennifer Gertsman of Gertsman Financial Services, LLC is the accountant for the Debtor. Her company was appointed by court order on August 21, 2020. A Notice of Disclosure of Compensation to Offices was filed on August 7, 2020. The pay to Gary Koppelman and Mario Spina is modest and is reasonable and necessary for the Debtor to reorganize.

Case Status

Debtor has appeared remotely for an initial debtor interview with the United States Trustee and Jami Nimeroff, the Subchapter V Trustee. Debtor's counsel along with the accountant held a conference call on August 27, 2020. A status report was filed September 15, 2020. The trustee meeting of creditors is scheduled for September 17, 2020. The status conference with the court is scheduled for September 30, 2020. There are no cash collateral issues or stay relief orders or motions pending. A plan of reorganization is due by November 5, 2020. Debtor intends to assume its lease for the business location and a motion is required by October 7, 2020. Debtor filed the Small Business Operating Statement and Small Business Balance Sheet on September 15, 2020.

Goals for Reorganization /Consensual Plan

Debtor expects business to return to normal and continue to grow as an industry. Debtor intends to stay in business, complete all current projects and assume the lease at the current location. It is the intention to phase out fabrication and simply run the commercial commissary. Debtor has applied for and approved for Grant monies of $50,000. However, Debtor has not received those funds. Those funds would be used to get current on rent and for supplies and labor to complete projects. With food trucks resuming operation with safely protocols and consumers gaining in comfort level rents for storing trucks, payment for existing projects and full commissary services will return. Over the next six (6) months, Debtor's financial projections are difficult to pinpoint given the current pandemic and environment. Debtor has only projected October 2020 which is not an indicator for future development.

Projections are admittedly difficult given the uncertainty with the pandemic and future waves of the illness. Debtor is stabilizing the business.

Debtor has communicated directly or through counsel with customers about truck projects status and completed plans. Debtor and its counsel will be continuing communications to establish timelines and payment schedules. Debtor has remained in communication with the landlord concerning its lease arrears and remains in negotiation. Debtor does not envision the need of a separate disclosure statement. The proof of claim deadline can be set. Debtor intends to file a consensual plan or one that is fair and equitable by the required deadline. The Chapter V Trustee has actively communicated with Debtor's Counsel and will assist with efforts to arrive at a consensual plan.

Dated:  September 15, 2020         _____/s/_____
MICHAEL A. CATALDO
Cibik & Cataldo, P.C.
1500 Walnut Street, Ste. 900
Philadelphia, PA  19102
(215) 735-1060